TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00576-CR


NO. 03-99-00577-CR


NO. 03-99-00578-CR







Marcus White, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NOS. 9131, 9132, & 9133, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING







 Appellant Marcus White appeals from judgments of conviction for the offenses of
aggravated sexual assault, aggravated kidnaping, and burglary of a habitation with the intent
to commit the felony offense of aggravated sexual assault. See Tex. Penal Code Ann.
§§ 22.021(a)(1)(A)(i), 20.04(a)(3), 30.02(a)(1)(d)(2) (West Supp. 2000). The jury assessed
appellant's punishment at imprisonment for ninety-eight years for each offense to be served
concurrently.

 Appellant entered a guilty plea to each offense and elected to have a jury assess his
punishment. Appellant's points of error complain of the prosecutor's closing argument to the
jury. We will overrule appellant's points of error and affirm the trial court's judgments.


 During his closing argument, the prosecutor argued:


He confessed to this because that's a badge of honor with a gangster. You know,
that's something to rape a white woman, steal her car and ride around in it. That's
a big deal. That makes him a big man on campus in that gang.



 The appellant did not object to these remarks.



You are a link in the law enforcement. I mean, you are a part of law enforcement. 
You are the final link in law enforcement. It starts out with the police and then it's
the prosecution and then the Judge and you. You are the final link.



 The appellant did not object to these remarks.


 The Court of Criminal appeals has held:



[A] defendant's failure to object to a jury argument or a defendant's failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right to
complain about the argument on appeal. Any prior cases to the contrary . . . are
expressly overruled. Before a defendant will be permitted to complain on appeal
about an erroneous jury argument or that an instruction to disregard could not have
cured an erroneous jury argument, he will have to show he objected and pursued
his objection to an adverse ruling.



Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see also Tex. R. App. P. 33.1;
Ladd v. State, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999); Cardona v. State, 973 S.W.2d 412,
418-19 (Tex. App.--Austin 1998, no pet.). The errors asserted were not preserved for appellate
review. Appellant's points of error are overruled.




 The judgments of the trial court are affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Patterson and Dally*

Affirmed

Filed: July 13, 2000

Do Not Publish













* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



SPAN STYLE="font-family: CG Times"> Appellant Marcus White appeals from judgments of conviction for the offenses of
aggravated sexual assault, aggravated kidnaping, and burglary of a habitation with the intent
to commit the felony offense of aggravated sexual assault. See Tex. Penal Code Ann.
§§ 22.021(a)(1)(A)(i), 20.04(a)(3), 30.02(a)(1)(d)(2) (West Supp. 2000). The jury assessed
appellant's punishment at imprisonment for ninety-eight years for each offense to be served
concurrently.

 Appellant entered a guilty plea to each offense and elected to have a jury assess his
punishment. Appellant's points of error complain of the prosecutor's closing argument to the
jury. We will overrule appellant's points of error and affirm the trial court's judgments.


 During his closing argument, the prosecutor argued:


He confessed to this because that's a badge of honor with a gangster. You know,
that's something to rape a white woman, steal her car and ride around in it. That's
a big deal. That makes him a big man on campus in that gang.



 The appellant did not object to these remarks.



You are a link in the law enforcement. I mean, you are a part of law enforcement. 
You are the final link in law enforcement. It starts out with the police and then it's
the prosecution and then the Judge and you. You are the final link.



 The appellant did not object to these remarks.


 The Court of Criminal appeals has held:



[A] defendant's failure to object to a jury argument or a defendant's failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right to
complain about the argument on appeal. Any prior cases to the contrary . . . are
expressly overruled. Before a defendant will be permitted to complain on appeal
about an erroneous jury argument or that an instruction to disregard could not have
cured an erroneous jury argument, he will have to show he objected and pursued
his objection to an adverse ruling.



Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see also Tex. R. App. P. 33.1;
Ladd v. State, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999); Cardona v. State, 973 S.W.2d 412,
418-19 (Tex. App.--Austin 1998, no pet.). The errors asserted were not preserved for appellate
review. Appellant's points of error are overruled.